UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LARRY J. LICHTENEGGER,<br><br>          Appellant,<br><br>   v.<br><br>BANK OF MONTREAL, as Administrative Agent, successor by Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co.,<br><br>          Appellee. | CIV. NO. 2:18-390 WBS<br><br>Bankruptcy Case No.<br>09-29162 - D - 11<br><br>Adversary Proceeding No.<br>09-02543 - D<br><br>ORDER RE: BANKRUPTCY APPEAL |

----oo0oo----

        Appellant Larry J. Lichtenegger, an attorney, brought this appeal of a judgment issued by the United States Bankruptcy Court for the Eastern District of California finding appellant in contempt for violation of a temporary restraining order. (Appellant's Opening Brief, Docket No. 8.)

        The court reviews the decision to impose contempt for an abuse of discretion. FTC v. Affordable Media, LLC, 179 F.3d

1

| | |
|---|---|
| 1 | 1228, 1239 (9th Cir. 1999). An evaluation of abuse of discretion |
| 2 | follows a two-prong test. First, the court determines <u>de novo</u> |
| 3 | whether the bankruptcy court identified the correct legal rule |
| 4 | for application. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261- |
| 5 | 62 (9th Cir. 2009) (en banc). If the Bankruptcy Court did |
| 6 | identify the correct rule, the court reviews whether the |
| 7 | application of the legal rule was clearly erroneous, and will |
| 8 | affirm unless its findings were illogical, implausible, or |
| 9 | without support in the record. <u>Id.</u> at 1262. |
| 10 | For the reasons set forth in the Bankruptcy Judge's |
| 11 | written memorandum decision filed February 6, 2018 (<u>In re SK</u> |
| 12 | <u>Foods, L.P.</u>, No. 09-29162-D-11, 2018 WL 784451 (Bankr. E.D. Cal. |
| 13 | Feb. 6, 2018)), appellant was properly found in contempt for |
| 14 | violation of a temporary restraining order. First, the |
| 15 | Bankruptcy Court correctly identified the pertinent legal |
| 16 | standard: "[t]he moving party has the burden of showing by clear |
| 17 | and convincing evidence that the contemnors violated a specific |
| 18 | and definite order of the court. The burden then shifts to the |
| 19 | contemnors to demonstrate why they were unable to comply." <u>Id.</u> |
| 20 | at *1 (quoting <u>Affordable Media</u>, 179 F.3d at 1239)(internal |
| 21 | quotation marks omitted). |
| 22 | Second, the Bankruptcy Court's factual findings were |
| 23 | not illogical or implausible and had support in the record. <u>See</u> |
| 24 | <u>Hinkson</u>, 585 F.3d at 1261. Further, the Bankruptcy Court's |
| 25 | application of those findings of facts to the correct legal |
| 26 | standard was not clearly erroneous. |
| 27 | IT IS THEREFORE ORDERED that the order of the |
| 28 | Bankruptcy Court finding appellant Larry J. Lichtenegger in |

contempt be, and the same hereby is, AFFIRMED.

Dated: September 11, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE